IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, )<br>AS TRUSTEE FOR CREDIT SUISSE )<br>FIRST BOSTON CSFB 2005-11, )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>BARBARA ANN KELLY, *et al.*, )<br>)<br>      Defendants. ) | Case No.: 8:24-cv-03082-PX |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

Plaintiff US Bank National Association, as Trustee for Credit Suisse First Boston CSFB 2-2005-11 ("U.S. Bank") respectfully submits this Motion to Remand and in support thereof, states as follows:

**I.     INTRODUCTION**

This matter concerns a foreclosure case filed in Florida state court nearly fifteen years ago. After litigating this matter since 2009—and after a final order was issued and two prior attempts to improperly remove the case were rejected elsewhere—Defendant Barbara Ann Kelly has now once more improperly attempted to remove this matter in a desperate (but ineffective) effort to save from foreclosure a property in Naples, Florida estimated to be worth approximately $5,629,300[1] for which she failed to make mortgage payments. This latest removal attempt amounts to nothing more than an improper attempt to get a third bite at the proverbial apple. As discussed below, this Court should find that it lacks subject matter jurisdiction, remand this case

---

[1] *See* https://www.zillow.com/homedetails/700-Gulf-Shore-Blvd-N-Naples-FL-34102/54158880_zpid/ (last visited October 29, 2024).

back to Florida state court, and issue an order enjoining defendants in the state court matter from attempting to remove this case to this Court in the future.

## II.     RELEVANT PROCEDURAL BACKGROUND

U.S. Bank filed its initial complaint against Defendants Barbara Ann Kelly, Gregory B. Myers, Suntrust Bank, Navy Federal Credit Union, and Fidelity & Deposit Company of Maryland in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida on December 17, 2009 (hereinafter, the "Complaint"). *See* **Exhibit 1**, Complaint. The Complaint brought one count against Defendants for Mortgage Foreclosure. *Id*. It alleged that Defendants Kelly and Myers entered into a mortgage in the amount of $1,840,000 in order to purchase residential property located at 700 Gulf Shore Boulevard North, Naples, Florida, 34102 (the "Property"). *Id*. at ¶¶ 3-8. It continued that Defendants Kelly and Myers missed a required installment payment due September 1, 2009 and made no subsequent payments so the mortgage was in default and U.S. Bank was entitled to accelerate the mortgage and demand payment in full. *Id*. at ¶ 6-8.

Defendants Kelly and Myers filed an Answer in May 2013, a Second Amended Answer in November 2014, and a Third Amended Answer in January 2015. The initial Answer and Second Amended Answer contained an affirmative defense premised upon the Fair Debt Collections Practices Act ("FDCPA"). U.S. Bank moved to strike this affirmative defense and the Collier County Circuit Court issued an Order granting the Motion to Strike. *See* **Exhibit 2**, Order on Plaintiff's Motion to Strike Defendants' Sixth Affirmative Defenses. The subsequently filed Third Amended Answer, which is the operative Answer, does not contain an FDCPA affirmative defense. A true and accurate copy of the Third Amended Answer is attached hereto as **Exhibit 3**.

The case went to trial before the Collier County Circuit Court on February 19-20, 2015 and April 16, 2015. On September 9, 2015, the court entered a Findings of Fact, Conclusions of Law, and Final Judgment of Foreclosure (the "Florida State Court Order"). A true and accurate copy of this document is attached hereto as **Exhibit 4**. The Florida State Court Order analyzed U.S. Bank's claims, Defendants' defenses, and found, *inter alia*, that U.S. Bank is due $2,753,490.90 plus interest from Defendants Kelly and Myers and that U.S. Bank may hold a foreclosure sale for the Property if that amount was not satisfied prior to October 5, 2015. *Id*. Defendants Kelly and Myers failed to redeem the past due amount and a foreclosure sale was held on October 24, 2024.

Defendant Kelly filed a Notice of Removal with this Court on October 23, 2024. *See* Dkt. 1, Notice of Removal. The Notice of Removal seeks to remove the Florida state court matter, filed in December 2009, from the Collier County Circuit Court to this Court. *Id*. Defendant Kelly's attempt to remove this matter is improper for numerous independent reasons.

### III. ARGUMENT

**a. Defendant Kelly's Attempt to Remove is Procedurally Improper Such That This Court Lacks Subject Matter Jurisdiction.**

Defendant Kelly's attempt to remove this matter from Florida state court to this Court is improper for numerous independent reasons set forth in detail below. As a preliminary matter, this is the *third* attempt to remand this matter from Collier County Circuit Court to a federal court. *See U.S. Bank Nat'l Assoc. v. Kelly, et al.*, Case No. 2:23-cv504-JES-NPM; *see also U.S. Bank Nat'l Assoc. v. Kelly, et al.*, Case No. 2:24-cv-452-JES-KCD. Both attempts were rejected by the United States District Court for the Middle District of Florida. *See* **Exhibit 5**, September 6, 2024 Middle District of Florida Opinion and Order (granting motion to remand to Collier County Circuit Court because removal was untimely, barred by the *Rooker-Feldman* Doctrine, and because "subject-matter jurisdiction premised on the presence of a federal question in a counterclaim

cannot serve as a basis for removal."). This Opinion and Order also enjoined *pro se* Defendants from filing any removals stemming from the underlying Collier County Circuit Court matter in the Middle District of Florida and stated that U.S. Bank may be entitled to attorneys' fees and costs "if another removal is attempted."[2] *Id*. U.S. Bank respectfully requests this Court to follow the reasoning of the Middle District of Florida and remand this case back to Collier County Circuit Court—and to also similarly enjoin Defendants Kelly and Myers from attempting to again remove this matter to this Court.

*First*, this Court lacks subject matter jurisdiction over this case because this matter was filed in December 2009 so removal is untimely. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Defendant Kelly baldly claims that her latest removal attempt is timely to provide any support for this assertion. This matter was filed nearly fifteen (15) years ago—and service took place on January 4, 2010. This date is more than 30 days prior to the time of removal, and thus Defendant Kelly has failed to abide by the mandates of 28

---

[2] With no objectively reasonable basis to remove here on the part of Defendant Kelly, U.S. Bank would be well within its rights to seek attorneys' fees and costs in light of this prior order. In lieu of such a request, U.S. Bank respectfully requests that this Court enter a similar order enjoining Defendants from making any additional attempts to remove the underlying Collier County Circuit Court case to the U.S. District Court for the District of Maryland. *Infra*.

U.S.C. § 1446(b)(1).³  This defect alone is enough for the Court to find a lack of subject matter jurisdiction.

*Second*, this Court lacks subject-matter jurisdiction for the additional reason that subject-matter jurisdiction premised on the presence of a federal question in a counterclaim cannot serve as a basis for removal.  *See, e.g.*, *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S. Ct. 1889, 1894 (2002) ("federal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.' … It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." (emphasis in original)). Here, Defendant Kelly's Notice of Removal claims that the state court action is predicated upon the FDCPA.  *See* Dkt. 1.  Yet the only FDCPA claim made in this matter derives from Defendant Kelly's and Myers' initial and amended answers in an affirmative defense (which have been since stricken), not even via counterclaim, which would still be improper grounds for removal.  As mentioned above, the Collier County Circuit Court struck this affirmative defense and the Third Amended Answer, which is the operative answer, does not contain an FDCPA affirmative defense or claim.  *See* Exs. 2 and 3.  It follows that there is no FDCPA claim, counterclaim, or even affirmative defense, so this Court lacks subject-matter jurisdiction over this matter.⁴

---

³  Defendant Kelly's attempt also runs afoul of subsection (a) of this provision, which states that an action brought in a state court may be removed to the district court "embracing the place where such an action is pending." 28 U.S.C. § 1446(a).  The court that "embraces" Collier County is the United States District Court for the Middle District of Florida, not this Court.  *Compare* 28 U.S.C. § 89(b) (including Collier County as one of the counties the Middle District of Florida is comprised of); *with* 28 U.S.C. § 100 (listing the Maryland counties that comprise the two divisions of the United States District Court for the District of Maryland).

⁴ The only basis for removal jurisdiction appearing in the Notice of Removal at issue is federal question jurisdiction, and no allegations suggesting the presence of diversity jurisdiction appear therein.

### b. This Court Should Enter an Order Enjoining Defendants from Attempting to Remove the Florida State Court Case to this Court.

U.S. Bank also respectfully requests this Court to enter an order enjoining any defendant in the underlying state court matter from removing to this Court. Federal courts are permitted to limit frivolous lawsuits and restrict access to the courts. *See, e.g.*, *Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998), *aff'd*, 168 F.3d 481 (4th Cir. 1999) ("The All Writs Act, 28 U.S.C. § 1651(a), authorizes district courts to restrict access to federal courts of parties who repeatedly file frivolous litigation. … A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court."); *accord* Ex. 5 (enjoining Defendants Kelly and Myers from filing any additional removals). Here, Defendants have demonstrated that they are willing to disregard the Florida State Court Order and applicable law in their futile attempts to save the Property, which has already been sold in a foreclosure sale. Defendant Kelly, undeterred by the Middle District of Florida's Order enjoining her and Defendant Myers from removing to that court, has attempted to flout that Order by attempting to remove to this Court. Such an attempt is nothing more than another frivolous and improper attempt to appeal and re-litigate the Florida State Court Order which has forced U.S. Bank to expend resources and incur expense to oppose.

This Court should put an end to Defendants' abuse of the federal court system and harassment of U.S. Bank by enjoining them from filing removals from the Collier County Circuit Court case with this Court. To the extent that further litigation abuses take place in this matter such that U.S. Bank is subjected to additional unnecessary legal expenses and costs, U.S. Bank reserves the right to seek appropriate relief from the Court to remedy the costs associated with those litigation abuses.

## IV.  CONCLUSION

Plaintiff U.S. Bank respectfully requests that this Court grant its Motion to Remand, remand this case back to the Collier County Circuit Court, and enjoin Defendants from making any additional attempts to remove to this Court the case captioned *U.S. Bank, N.A. v. Barbara Ann Kelly, et al.*, Circuit Court of the Twentieth Judicial Circuit In and For Collier County, Florida, Case No. 11-2009-CA-010813.

Dated: October 31, 2024

Respectfully Submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*/s/ Timothy R. Willman*
Andrew J. Narod, Esq. (Bar No. 29738)
Timothy R. Willman (Bar No. 21088)
Bradley Arant Boult Cummings LLP
1615 L Street, N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 719-8271
Facsimile: (202) 719-8371
E-mail: anarod@bradley.com
           twillman@bradley.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 31, 2024, a true and exact copy of the foregoing has this day been filed with the Court's CM/ECF system, which will serve a copy of the foregoing on all electronic filers, and has been forwarded to Defendant Barbara Ann Kelly by depositing a copy of the same in the United States Mail, first class postage prepaid, and addressed as follows:

> Barbara Ann Kelly
> 700 Gulf Shore Blvd. N
> Naples, FL 34102
> *Pro Se Defendant*

> */s/ Timothy R. Willman*
> Timothy R. Willman
> Counsel for Plaintiff