## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

US BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CREDIT SUISSE
FIRST BOSTON CSFB 2005-11,

                               Case No.: 8:24-cv-03082-PX

      Plaintiff,

v.

BARBARA ANN KELLY, et al.,

      Defendants.

_____/

### AMENDED NOTICE OF REMOVAL

Defendant Barbara Ann Kelly ("Ms. Kelly"), pursuant to 28 U.S.C. § 1653, hereby files this AMENDED NOTICE OF REMOVAL (the "Amended Notice of Removal"), removing to the United States District Court for the District of Maryland (the "Maryland District Court") that certain cause of action styled *US Bank National Association, As Trustee For Credit Suisse First Boston CSFB 2005-11 v. Barbara Ann Kelly, et al.*, Case No. 11-2009-CA-010813, together with any related counterclaims (hereinafter, the "state court action"). In support, Ms. Kelly states as follows:

This action is removable in accordance with 28 U.S.C. §§ 1334 and 1452. Any claim or cause of action pending in a state court may be removed to the district court under 28 U.S.C. §1452(a) if the district court has jurisdiction over such claim or cause of action under §1334. The order dismissing Ms. Kelly's chapter 11 bankruptcy case in Maryland is currently on appeal in the United States Court of Appeals for the Fourth Circuit, USCA4 Appeal: 23-2243. This Court

therefore has "*related to*" jurisdiction of the subject claims and causes of action under Section 1334 and the test set forth in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d. Cir. 1984).

In November 2016, the United States Bankruptcy Court for the District of Maryland entered a "Consent Order" ("the parties have reached an agreement") "upon consideration of…all matters of record" by and between "U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp., CFSB Mortgage-Backed Pass-Through Certificates, Series 2005-11" and Ms. Kelly's husband, Gregory B. Myers ("Mr. Myers"), pursuant to which Mr. Myers and Ms. Kelly deposited a total of $70,000 of entireties funds into the Maryland Court Registry, with said funds "to be credited against any amount(s) claimed by U.S. Bank against [Mr. Myers] and/or [Ms. Kelly]." Ms. Kelly is a third-party beneficiary of a federal Consent Order which arguably includes a Maryland forum selection clause. A copy of the Consent Order is attached hereto as **Exhibit A**.

On April 18, 2022, US Bank filed a response in the United States Bankruptcy Court for the Middle District of Florida, taking the position that the "Consent Order" is an "agreement to settle a legal dispute [where] each party agrees to 'extinguish those legal rights it sought to enforce through litigation in exchange for those rights secured by the contract'" citing *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989), and *Salimi v. BMW Financial Services NA, LLC*, 2017 WL 4570367, at *7 (N.D. Cal. Sept. 29, 2017)). Then, on June 9, 2022, at a hearing in the United States Bankruptcy Court for the Middle District of Florida, US Bank described the "settlement agreement" between US Bank and Mr. Myers (with Ms. Kelly being a third-party beneficiary) as follows:

> "**And this was the agreement between the parties.** This wasn't a court-imposed sanction or court-imposed requirement. The parties agreed to the terms, because we gave up certain rights, the Debtor gave up certain rights, the Debtor made certain rights -- made

2

> certain promises and so did we. \*\*\* **And both sides, you know,
> provided consideration. We agreed that, you know, we couldn't
> foreclose**."

(Emphasis supplied). US Bank's judicial admission is dispositive. "[J]udicial admissions are proof possessing the highest possible probative value," and facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983) (internal quotation marks omitted) (emphasis supplied).

Further, on September 5, 2023, the United States District Court for the Middle District of Florida ruled that the Consent Order (i.e., settlement agreement) is "**an agreement ratified by the Court**" and that "**the Consent Order is complete, and the terms fulfilled**." Critically, US Bank did not appeal the Florida district court's order.

The Consent Order (settlement agreement) was entered into in Maryland and is governed by Maryland law. In Maryland, "[a] party waives a contractual right by intentionally relinquishing the right or engaging in conduct that warrants the inference that the right has been relinquished." *La Belle Epoque, LLC v. Old Europe Antique Manor, LLC*, 406 Md. 194, 213 (Md. 2008) citing *Food Fair v. Blumberg*, 234 Md. 521, 531, 200 A.2d 166, 172 (1964). "One such situation is where the parties have entered into a new contractual relationship, replacing the agreement that allegedly was breached, with knowledge of the prior breaches." *Adam v. Wells Fargo Bank, N.A.*, Civ. A. No. ELH-09-2387, 2011 WL 3841547, at \*15 (D. Md. Aug. 26, 2011) (citing *Edelstein v. Nationwide Mut. Ins. Co.*, 252 Md. 455, 461, 250 A.2d 241 (1969)). See also *Letke v. Wells Fargo Home Mortg., Inc.*, Civ. No. RDB-12-3799, 2015 WL 6163517, at \*5 (D. Md. Oct. 19, 2015), *aff'd sub nom. Letke v. Wells Fargo Home Mortg.*, 639 F. App'x 955 (4th Cir. 2016). Accordingly, US Bank—having admitted that the Consent Order is an "agreement to

3

settle a legal dispute [where] each party agrees to 'extinguish those legal rights it sought to enforce through litigation in exchange for those rights secured by the contract' "—must now proceed on the new contract (***not*** the 2015 foreclosure judgment).

However, any claims which US Bank may have arguably possessed are now time-barred by Maryland's three-year statute of limitations. Pursuant to Md Code Ann Cts & Jud Proc. § 5-101, "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Civil actions based in contract, both express and implied, are subject to § 5-101. *See Balt. City Bd. of Sch. Comers v. Koba Inst., Inc.*, 194 Md. App. 400, 418-19 (2010) (reaffirming implied contracts subject to three-year statute of limitations set out in CJP § 5- 101). A breach of contract claim accrues for limitations purposes under Maryland law when the contract is breached or anticipatorily breached. *See Catholic Univ. of Am. v. Bragunier Masonry Contractors, Inc.*, 139 Md. App. 277, 297, aff'd, 368 Md. 608 (2002).

On August 6, 2024, Mr. Myers filed a COUNTERCLAIM AND DEMAND FOR TRIAL BY JURY (the "Counterclaim")[1] against defendant US Bank in the United States District Court for the Middle District of Florida, including claims for violation of the automatic stay under 11 U.S.C. § 362, violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq., and claims for constructive fraud, fraudulent inducement, and fraudulent misrepresentation. A copy of the Counterclaim is attached hereto as **Exhibit B**.

---

[1] US Bank has conceded in court filings (as it must) that Mr. Myers is ***not*** a party to the note or mortgage at issue in the foreclosure action (i.e., referring to Mr. Myers, stating "all while *not* being a party to the original loan documents"). Accordingly, Mr. Myers was not required to bring as a compulsory counterclaim all tort claims arising out of the foreclosure action. *See Aguilar v. Southeast Bank, N.A.*, 117 F.3d 1368 (11th Cir. 1997), certified question answered by 728 So.2d 744 (1999), conforming to answer, 177 F.3d 1226 (11th Cir. 1999).

On October 17, 2024, the United States District Court for the Middle District of Florida entered an order, agreeing that it "has subject matter jurisdiction over the Counterclaim because it presents an *independent basis* for federal jurisdiction," stating that "this is true and the Counterclaim (Doc. #38) presents a federal question." Accordingly, because the Counterclaim presents an *independent basis* for federal jurisdiction, and a federal question, this Court possesses both federal question jurisdiction under 28 U. S. C. §1331, and complete diversity jurisdiction under 28 U.S. Code § 1332. US Bank has never answered the Counterclaim and is now in default.

Additionally, the requirements for removal under 28 U.S.C. § 1442(a)(2) have also been met. § 1442(a)(2) requires that (1) an action be instituted in state court; (2) the action be against or directed to the holder of a property right; (3) the property right be derived from a federal officer; and (4) the action would "affect" the validity of a federal law. *Id*. Ms. Kelly's rights in the Consent Order (a settlement agreement) are a property right derived from the Bankruptcy Court ("federal officer") pursuant to Title 11 of the U.S. Code, and US Bank's actions violate a federal injunction and affect the validity of a federal law. Accordingly, this Court also possesses jurisdiction in this case under 28 U.S.C. § 1442(a)(2).

Ms. Kelly also possesses personal injury tort claims as a consequence of US Bank's unlawful conduct, which claims must be tried in the Maryland District Court pursuant to 28 U.S.C. § 157(b)(5).

"US Bank National Association, as Trustee for Credit Suisse First Boston CSFB 2005-11" has also violated the automatic stay under 11 U.S.C. § 362(a). This Court has subject-matter jurisdiction to adjudicate bankruptcy stay violations and provide requested relief even though a debtor's bankruptcy case is dismissed. *See In re Tucker*, 743 F. App'x 964, 968 (11th Cir. 2018)

citing *Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1342-43, n.1 (11th Cir. 2005), holding "district courts have jurisdiction to entertain claims by debtors that creditors violated the automatic stay, even when those claims are asserted in a separate civil action filed after the bankruptcy case has been dismissed." This grant exists regardless of whether claimants file the claims before or after closure of the bankruptcy case. *Id.* In its analysis, the Eleventh Circuit noted that even though plaintiff's bankruptcy case was dismissed before she filed suit for automatic stay violations, "her claim arises from acts alleged to have occurred while the automatic stay was in place." *Id.* at 1343 n.1.

It is well settled that acts taken in violation of an automatic stay are void and without effect. *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984) (citing *Kalb v. Feuerstein*, 308 U.S. 433, 443 (1940); *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982)). Likewise, "erroneous decisions by state courts as to the application of the automatic stay are void *ab initio*." *In re Zausner*, 638 B.R. at 198, n.6 (citing *In re Cole*, 552 B.R. at 908-09). Moreover, void acts can be challenged at any time. *See Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994). Further, the *Rooker-Feldman* doctrine does not bar review of a state-court decision regarding the applicability of an automatic bankruptcy stay under 11 U.S.C. § 362.

Removal of this action is timely. The one-year time limit specified in 28 U.S.C. § 1446 does not apply to removals under 28 U.S.C. § 1452. *Alternatively*, under 28 U.S.C. § 1446(b)(3), a case may be removed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, subsection (b)(3) was triggered when the state court entered its order on October 17, 2024, substituting a

*new and distinct plaintiff* identified as "US BANK NA TRUSTEE, CREDIT SUISSE FIRST

BOSTON MORTGAGE ACCEPTANCE CORP., CSFB MORTGAGE-BACKED PASS-

THROUGH CERTIFICATES, SERIES 2005-11, U.S. BANK NATIONAL ASSOCIATION, AS

TRUSTEE." The unauthorized pleading amendment "changes the character of the litigation so as

to make it substantially a **new suit**." *Braud v.Trans. Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th

Cir. 2006)). A copy of the October 17, 2024, order is attached hereto as **Exhibit C.**

Removal of a state court proceeding to a bankruptcy court in a district other than the

district in which the state court is located is a defect of venue and not jurisdiction. Accordingly,

this court has jurisdiction to hear the removed case. See *Peterson v. BMI Refractories*, 124 F.3d

1386, 1388 (11th Cir. 1997), holding "failure to comply with the geographic requirements of 28

U.S.C. § 1441(a) [the general federal removal statute] is a procedural defect that does not deprive

a district court of subject matter jurisdiction in a removed case."

A District Court has no authority or discretion to decline to hear a removed case when the

District Court has diversity jurisdiction. Here, because the Maryland District Court has diversity

jurisdiction, it cannot properly eliminate this case from its docket, whether by a remand or by a

dismissal. See *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976) ("Lower federal

courts have uniformly held that cases properly removed from state to federal court within the

federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the

controlling statute").

Ms. Kelly certifies that within fourteen (14) days of filing this Notice of Removal, she

will file true and legible copies of all process, pleadings, documents, and orders which have been

served upon her, along with a copy of the current state court docket sheet.

Ms. Kelly does not consent to the entry of final orders or judgment by an Article I Judge.

Ms. Kelly specifically requests an opportunity to respond in writing, including with affidavits, to any motion to remand filed by US Bank National Association, as Trustee for Credit Suisse First Boston CSFB 2-2005-11.

Dated: November 3, 2024

Respectfully submitted,

Barbara Ann Kelly, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-3528
*bakellymyers@verizon.net*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2024, the foregoing AMENDED NOTICE

OF REMOVAL was filed with the Clerk of the Maryland District Court and a copy of same

was was furnished via first class U.S. Mail, postage prepaid to the following parties:

Andrew J. Narod, Esq.
Timothy R. Willman
Bradley Arant Boult Cummings LLP
1615 L Street, N.W., Suite 1350
Washington, D.C. 20036

_____
Barbara Ann Kelly, *pro se*